**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ROBERT HAMPTON, an individual, ) | 2:05-CV-0824-BES-GWF |
| )  Plaintiff, ) | |
| v. ) | **ORDER** |
| ) | |
| NUSTAR MANAGMENT FINANCIAL ) | |
| GROUP, dba HANDY CASH LOAN ) | |
| CENTER, a Nevada Corporation; HANDY ) | |
| CASH LEGAL SERVICE, an Unidentified ) | |
| Business Entity; MR. LAWRENCE, an ) | |
| individual; and UNKNOWN PERSONS 1 ) | |
| through 10, inclusive, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Currently before this Court is Plaintiff Robert Hampton's Motion to Dismiss Counterclaim (#15), which was filed on June 22, 2006. Defendants filed their Response (#18) on July 10, 2006. No Reply was filed.

**I. BACKGROUND**

Plaintiff Robert Hampton ("Hampton") commenced this action on June 31, 2005, alleging violations under the Fair Debt Collection Practices Act, the Truth In Lending Act, Nevada Deceptive Trade Practices Act and other state statutory violations (#1). Defendant Nustar Managment Financial Group, dba Handy Cash Loan Center("Handy Cash") filed a Motion to Dismiss, which was denied on October 24, 2005 (#9). Handy Cash answered the Complaint and filed a Counterclaim, asserting a single cause of action for abuse of process (#12). Specifically, Handy Cash alleges that Hampton filed the lawsuit with an ulterior purpose

other than resolving a legal dispute and that Hampton knew that there was no basis for his various causes of action but sought to coerce a settlement from Handy Cash, using a Handy Cash employee's guilty plea in a prior proceeding as leverage in settling the action. Handy Cash also alleges that Hampton's filing of the current lawsuit was a willful act in the use of the legal process not proper in the regular conduct of the proceeding because Hampton failed to dismiss the proceedings despite his knowledge that his claims had no basis.

As a result of Hampton's conduct, Handy Cash claims it sustained money damages and irreparable damage and harm to its reputation and business. Handy Cash is also claiming Hampton's actions were prompted by malice and that his actions entitle Handy Cash to punitive damages.

## II. ANALYSIS

Hampton moves to dismiss Handy Cash's Counterclaim (#12) pursuant to Federal Rule of Civil Procedure 12(b)(6). The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint. Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal under Rule 12(b)(6) is proper only when a complaint exhibits either a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1988). The Court must accept as true all material allegations in the complaint as well as all reasonable inferences that may be drawn from such allegations. LSO, Ltd. v. Stroh, 205 F.3d 1146, 1150 (9th Cir. 2000). The Court must also construe the allegations of the complaint in the light most favorable to the nonmoving party. Shwarz v. United States, 234 F.3d 428, 435 (9th Cir. 2000).

In his Motion to Dismiss Counterclaim (#15), Hampton raises three grounds for relief under Rule 12(b)(6). First, Hampton argues that Handy Cash's Counterclaim must be dismissed because it was in contravention of Fed.R.Civ.P. 13(a) governing compulsory counterclaims. Second, Hampton argues that Handy Cash has failed to state a cause of action for abuse of process. Finally, Hampton argues that the Court should decline supplemental jurisdiction pursuant to 28 USC § 1367(c). The Court now considers each of these grounds for dismissal.

***A.    Compulsory Counterclaim.***

Rule 13(a) of the Federal Rules of Civil Procedure concerning compulsory counterclaims states in relevant part: "A pleading shall state as a [compulsory] counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim....." Hampton asserts that Handy Cash's abuse of process claim cannot be considered a compulsory counterclaim to his underlying action because the state law claim of abuse of process, which was raised in the counterclaim, has no independent basis for federal jurisdiction and is not substantially related to the claims in Hampton's complaint.

In Nevada, the elements of an abuse of process claim are: "(1) an ulterior purpose by the defendants other than resolving a legal dispute, and (2) a willful act in the use of the legal process not proper in the regular conduct of the proceeding." LaMantia v. Redisi, 118 Nev. 27, 30, 38 P.3d 877, 879 (2002). In this case, to prove "abuse of process" arising out of the underlying action, Handy Cash would have to demonstrate that Hampton had an ulterior or improper purpose in pursuing his action. Id. The presence of a legitimate justification for that action, suing to address improper debt collection activities by Handy Cash, would greatly influence the determination of whether Hampton's purpose was wrongful. Hence, the similarity of the facts necessary for the determination of both actions reveals that Hampton's substantive claims and Handy Cash's abuse of process claim stem from the same basic controversy between the parties.

The Ninth Circuit supports this determination that an abuse of process claim is a compulsory counterclaim. The Ninth Circuit has held that although the merits of the substantive claim are not controlling on the question of abuse of process, they are necessarily significant in the assessment of a possible ulterior motive and therefore, the abuse of process claim is a compulsory counterclaim to the underlying action. Pichoro v. Prudential Insurance Company of America, Inc., 827 F.2d 1246, 1253 (9th Cir. 1987). The Ninth Circuit specifically rejected a line of cases that refused to find an abuse of process claim to be a compulsory counterclaim. Pichoro, 827 F.2d at 1252. Here, Handy Cash has filed its Counterclaim

3

consistent with the procedural requirements of Rule 13(a).   Hampton's argument in this regard is therefore rejected.

### B.     Abuse of Process Claim.

Hampton also argues that Handy Cash has failed to plead facts that give rise to the cause of action of "abuse of process."   As stated above, the elements of an abuse of process claim are: "(1) an ulterior purpose by the defendants other than resolving a legal dispute, and (2) a willful act in the use of the legal process not proper in the regular conduct of the proceeding." LaMantia, 118 Nev. at 30.   An "ulterior purpose" includes any "improper motive" underlying the issuance of legal process. Dutt v. Kremp, 111 Nev. 567, 575-576, 894 P.2d 354 (1995), overruled on other grounds by LaMantia v. Redisi, 118 Nev. 27, 30, 38 P.3d 877, 879 (2002); *see also,* Laxalt v. McClatchy, 622 F.Supp. 737, 751 (D.Nev.1985).

The action for abuse of process hinges on the misuse of regularly issued process. Nevada Credit Rating Bureau, Inc. v. Williams, 88 Nev. 601, 606, 503 P.2d 9 (1972).   The mere filing of a complaint itself is insufficient to establish the tort of abuse of process. Laxalt v. McClatchy, 622 F.Supp. 737, 752 (D.Nev.1985).   Instead, the complaining party must include some allegation of abusive measures taken after the filing of the complaint in order to state a claim. Id.

In this case, Handy Cash fails to plead any facts that would support an allegation that Hampton engaged in an improper act in the use of the process in the regular prosecution of the proceedings. Although Handy Cash alleges that Hampton had an ulterior motive or purpose for filing the actions against it, Handy Cash fails to allege any abusive measures taken after the filing of the complaint that would establish a willful act of process not proper in the regular conduct of the proceeding.  Handy Cash merely alleges that the willful act was the lawsuit and the improper purpose was Hampton's failure to dismiss the proceedings despite his knowledge that his claims have no basis.  This is insufficient under Nevada law.

Furthermore, maintaining a lawsuit for the ulterior purpose of continuing litigation as a lever to obtain a settlement is not an improper motive and would not demonstrate any ulterior purpose other than resolution or settlement of the suit which is an acceptable use of process.

Rashidi v. Albright, 818 F.Supp. 1354, 1359 (D.Nev.,1993); Dutt v. Kremp, 844 P.2d 786 (Nev.1992). Therefore, Handy Cash has failed to state an essential element of its abuse of process claim and Hampton's Motion to Dismiss is granted with respect to Handy Cash's counterclaim for abuse of process.

***C. Supplemental Jurisdiction.***

Having granted Hampton's Motion to Dismiss the Counterclaim on the failure to state a claim for abuse of process, the Court does not need to reach the issue of whether it should deny supplemental jurisdiction of the state law claim.

### III. CONCLUSION

Based on the foregoing,

IT IS HEREBY ORDERED that Plaintiff's Motion to Dismiss Counterclaim (#15) is granted.

DATED: This 8th day of January, 2007.

_____
UNITED STATES DISTRICT JUDGE

5